1919178_3

KOBAYASHI, SUGITA & GODA
CRAIG K. SHIKUMA          4018-0
SIANHA M. GUALANO         10782-0
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone:  808-535-5700
Fax:  808-535-5799
Email:     cks@ksglaw.com
           smg@ksglaw.com

Attorneys for Defendant
FIRST HAWAIIAN BANK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JAMES PAULETT CHARLTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> AGNES GREIG A/K/A AGNES CANNON; FIRST HAWAIIAN BANK; BANK OF HAWAII; MAUI LOAN INC.; RICHARD DAN; RICHARD DAN D/B/A KAMAAINA LOAN; RICHARD DAN D/B/A MAUI PAWN SHOP; CAROLYN DAN A/K/A CAROLYN PRINTZ; VALLEY ISLE LOAN LLC; CASE LOMBARDI & PETTIT A LAW CORPORATION; 92 N MARKET ST LLC; DOES 1-20, <br><br> Defendants. | Case No. 22-00344-LEK-RT <br><br> **DEFENDANT FIRST HAWAIIAN BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FILED ON AUGUST 29, 2022 [DKT. 17]; MEMORANDUM IN SUPPORT OF MOTION; DEFENDANT FIRST HAWAIIAN BANK'S CORPORATE DISCLOSURE STATEMENT; CERTIFICATE OF SERVICE** <br><br> HEARING: <br> Date: <br> Time <br> Judge:  Hon. Leslie E. Kobayashi <br><br> Trial Date:  TBD |

# DEFENDANT FIRST HAWAIIAN BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FILED ON AUGUST 29, 2022 [DKT. 17]

Defendant, First Hawaiian Bank ("**FHB**"), by and through its attorneys at Kobayashi, Sugita and Goda, LLP, moves this Honorable Court for an Order dismissing all claims against FHB alleged in Plaintiff James Paulett Charlton Jr.'s First Amended Complaint filed herein on August 29, 2022 [Dkt. 17] ("**FAC**"), and specifically dismissing Claims I and IV with prejudice. This motion is made pursuant to Rules 7, 12(b)(6) of the Federal Rules of Civil Procedure, as well as Rules 7.1 and 12.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii and is based on the attached memorandum in support of the motion and the records and files herein.

DATED: Honolulu, Hawai'i, December 9, 2022.

/s/ *Sianha M. Gualano*
CRAIG K. SHIKUMA
SIANHA M. GUALANO

Attorneys for Defendant
FIRST HAWAIIAN BANK

1919178_3

# MEMORANDUM IN SUPPORT OF MOTION

## I. INTRODUCTION

The First Amended Complaint, filed August 29, 2022 [Dkt. 17] ("**FAC**") alleges a claim for securities fraud in violation of the Securities Act of 1933 enacted as 15 USC 77 ("Securities Act") and common-law claims related to the same sequence of events - a transaction between Ms. Guillory and Defendant Maui Loan, Inc. that is over a decade old. The Securities Act claims are time-barred under the applicable statutes of limitation and repose and no amendment may revive the claims. As the Securities Act claim serves as the sole basis for this Court's jurisdiction, Plaintiff's remaining claims should also be dismissed. However, even if this court were to retain jurisdiction over Plaintiff's non-federal claims, Claim IV for an Accounting is not a standalone cause of action and Claim VI for Fraud in the Inducement is not plead with the requisite particularity and both must nevertheless be dismissed.

## II. ALLEGED FACTS

The basis of Plaintiff's claims is a transaction between Maui Loan, Inc. and Nannette Guillory evidenced by a Promissory Note (FAC, Ex. "1"), Security Agreement (FAC, Ex. "2"), and Mutual Settlement and Release Agreement (FAC, Ex. "3"), each executed on October 1, 2009. FAC, ¶¶ 24–26. Below are the relevant allegations against FHB:

### A.  Claim I: Violations of Securities Act of 1933

The Securities Act claim is brought under "15 U.S. code § 77a, et seq . . . which creates rights of action whereby an individual may sue to recover principal and interest for investments in unregistered securities." FAC, 3. Plaintiff alleges that the securities agreements evidenced by Exhibit 1-3 "are unregistered securities which constitute a private placement which was never offered to the public." FAC, 9. Allegedly, those unregistered securities were sold as part of a "scheme" by "defendants" to "promote, create and sell those unregistered securities in a private placement." FAC, 9-10. The securities agreements were "prepared and transmitted via email and USMAIL" by defendants Case Lombardi & Pettit, A Law Corporation, Agnes Grieg, and FHB. FAC, 10.

Plaintiff's claim for violations of the Securities Act of 1933 is Plaintiff's only federal law claim and serves as the basis for this Court's supplemental jurisdiction "over the remaining claims and causes of action." FAC, 4

### B.  Claim IV: Accounting

Plaintiff seeks an "equitable cause of action for an Accounting between the Plaintiff and defendants" of the sum of $145,000 that was loaned to "various defendants as of October 1, 2009" by Mr. Guillory. FAC, 12.

### C.  Claim VI: Fraud in the Inducement

Plaintiff only allegations in support of his fraud in the inducement claim are that "Defendant GRIEG and the other defendants made false representations

2

regarding the risk, safety and legal requirements of the securities agreements at issue in this complaint," that they "knew such representations were false," FAC, 13, that they "intended for Ms. Guillory to rely on those false representations and omissions to induce her to enter into those securities agreements," and that "[she] did rely on those false representations of those defendants in making her decision to enter into those securities agreements." FAC, 14.

### III. STANDARD OF REVIEW

While a *pro se* litigant's pleadings are construed liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* litigants are held to the rules of procedure and must meet the most basic pleading requirements. *See Motoyama v. Hawaii, Dept. of Transp.*, 864 F.Supp.2d 965, 976 (D. Haw. 2012); *Smallwood v. NCsoft Corp.*, 730 F.Supp.2d 1213, 1221 (D. Haw. 2010) (a pro se litigant is not excused from the most basic pleading requirements).

Under the Federal Rules of Civil Procedure Rule 12(b)(6) complaints may be dismissed for a "failure to state a claim upon which relief can be granted[.]" When reviewing a motion to dismiss, the factual allegations in the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Compton v. Countrywide Financial Corp.*, 761 F.3d 1046, 1054 (9th Cir. 2014).

Motions to dismiss based on the expiration of the statute of limitations are granted when the assertions of the complaint would not permit the plaintiff to prove that the statute was tolled. *Pisciotta v. Teledyne Indus., Inc.,* 91 F.3d 1326, 1331 (9th Cir. 1996).

## IV.   ARGUMENT

### A.   The Alleged Violations of the Securities Act of 1933 in Claim I are Time-Barred and Amendment Would Be Futile

Claim I of the FAC alleges a general "Violation of Securities Act of 1933." FAC, 9-10. Plaintiff alleges that the October 1, 2009 transaction constitutes a private placement sale of unregistered securities. FAC, 9. The actions include use of email and USMAIL to transmit the unregistered securities and the offering of a "prospectus" that "fully omit[s] any facts necessary for any informed investment decision." FAC, 10.

It appears that the FAC intends to bring claims under Section 12 of the Securities Act of 1933 (15 U.S.C. §77*l*). Section 12 provides for a private right of action in two instances: the sale of unregistered securities (15 U.S.C. § 77*l*(a)(1)) and misrepresentations in the prospectus or offering materials (15 U.S.C. § 77*l*(a)(2)). Congress set explicit statutes of limitations and statutes of

4

repose for both and any claim the FAC purports to bring is time barred by those time limits.

### 1. Sale of Unregistered Securities Are Subject to a One-Year Statute of Limitations From The Time of Sale

Plaintiff's claim for violations of the Securities Act of 1933 are based on the allegation that the 2009 Agreement constitutes the private placement of unregistered securities, FAC, 9, by way of "USMAIL" and email. FAC, 10. Section 77*l*(a)(1) provides a private right of action for violations of section 77e, which prohibits the sale or deliver or unregistered securities "through the mails or in interstate commerce." 15 U.S.C. § 77e(a). To the extent that Plaintiff intended to allege violations of 15 U.S.C. § 77e for a claim under § 77*l*(a)(1), the claim is time-barred by the applicable one-year statute of limitations. 15 U.S.C. § 77m.

The one-year statute of limitations period begins to run **at the time the violation occurs**. *Id.*, *Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985). Here, the violation, i.e. the sale of an unregistered security, occurred, at the very latest, on October 1, 2009-the date of the transaction between Maui Loan, Inc. and Nannette Guillory. *See* FAC, Exs. 1-3. Any claim arising out of that transaction for a violation of Section 77*l*(a)(1) has long since expired.

Amendment to Plaintiff's claim would be futile as the period of limitations is not subject to equitable tolling. The language of the statute makes clear that Congress explicitly intended for the statute of limitations to occur when the violation occurs,

5

regardless of the time of discovery. *See In re Bibox Grp. Holdings Ltd. Secs. Lit.*, 534 F. Supp. 3d 326, 338-39 (S.D.N.Y. 2021) (concluding that the discovery rule does not toll the one-year statute of limitations applicable to §77*l*(a)(1) claims); *Gardner v. Investors Diversified Capital, Inc.*, 805 F. Supp. 874, 878 (D. Colo. 1992); *cf. Rotkiske v. Klemm*, -- U.S. --, 140 S. Ct. 355, 361 (2019) (noting that it is not the court's role to "second-guess Congress' decision to include a 'violation occurs' provision rather than a discovery provision" in evaluating a FDCPA statute of limitations). The language establishing the one-year statute of limitations is absolute, one year from the time the violation occurs. 15 U.S.C. § 77m. In contrast, within the same section, Congress chose to set the statute of limitations for § 77*l*(a)(2) violations one year from "**discovery** of the untrue statement or the omission."

As any alleged sale of an unregistered security in violation of § 77e occurred at the latest on October 1, 2009, the one-year statute of limitations has run, is not subject to equitable tolling, and no amendment of the FAC would cure this defect, thus the claim must be dismissed with prejudice.

### 2. Any Claim based on Section 77*l*(a)(2) Arising out of the Oct. 1, 2002 Transaction is Time-Barred By The Three-Year Statute of Repose

To the extent that Plaintiff's FAC can be construed as alleging a claim for a breach of Section 77*l*(a)(2), any claim arising out of Ms. Guillory's October 1, 2009

6

transaction with Maui Loan, Inc. is time barred by the three year statute of repose set by 15 U.S.C. § 77m. "In no event shall any such action be brought to enforce a liability created . . . under section 77*l*(a)(2) of this title more than three years **after the sale**." 15 U.S.C. § 77m. This is three-year provision is a statute of repose, serving as an absolute bar on a defendant's temporal liability, *Cal. Pub. Empls' Retirement Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042, 2050 (2017), and not subject to equitable tolling. *Id.* at 2051-52 (noting "the purpose and effect of a statute of repose . . . is to override customary tolling rules arising from the equitable powers of courts"). As the Supreme Court noted in *ANZ Secs., Inc.*, statutes of repose "protect[] the defendant from an interminable threat of liability" in the face of the leeway given to a plaintiff by the discovery rule. *Id.* at 2049–50.

Here, the alleged sale occurred, at the very latest on October 1, 2009 and any claim for a breach of 15 U.SC. § 77*l*(a)(2) arising out of that transaction expired on October 1, 2012 (over ten years ago). No amendment to the FAC would bring Plaintiff's claim within the statute of repose, thus the claim must be dismissed with prejudice.

> **B. With Plaintiff's Sole Federal Claim Dismissed, Dismissal Of Plaintiff's Hawai'i Common Law Claims Is Appropriate**

Plaintiff's alleged basis for jurisdiction over the entire action is his sole claim for violations of the Securities Act of 1933. Having original jurisdiction over Claim I, the Court had supplemental jurisdiction over Claims II-VII. *See* 28 U.S.C. §

7

1367(a). However, as Claim I is time-barred, there is no longer a basis for federal jurisdiction over Plaintiff's remaining state-law claims and FHB respectfully requests that this Court decline to exercise jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478–79 (9th Cir. 1998) (confirming that a district court need not provide an explanation for dismissal under the first three provisions of section 1367).

### C. Claim IV for an Accounting Fails as It Is Not A Standalone Claim

Even if this Court were to retain jurisdiction over the remaining claims alleged in the FAC, Claim IV for an "Accounting" must be dismissed as it does not allege a viable cause of action. This Court has repeatedly held that an accounting is an equitable remedy and not an independent cause of action. *See e.g. Barnes v. Sea Hawai'i Rafting, LLC*, 493 F. Supp. 3d 972, 982 (D. Haw. 2020) (collecting cases). As such, Claim IV should be dismissed with prejudice.

Even if this Court were to consider the Accounting as a standalone claim, the equitable grant of an accounting is not necessary here as the status of the loan of $145,000 to "various defendants as of October 1, 2009" can be adequately obtained through the normal means of discovery. *Id.* at 982-83 (noting that the availability of discovery as a reason supporting dismissal of a claim for accounting with prejudice).

### D. Plaintiff's Fraud in the Inducement Claim is Inadequately Pled

Claim VI must also be dismissed even if the Court were to retain jurisdiction over Plaintiff's remaining non-federal claims. Even given the generous pleading standards for pro se plaintiffs, Plaintiff has failed to meet the requisite pleading standard for claims of fraud. *See Smallwood v. NCsoft Corp.*, 730 F.Supp.2d 1213, 1221 (D. Haw. 2010) (dismissing a pro se plaintiff's claim for fraudulent misrepresentation for failing to meet Rule 9(b) particularity requirement); *cf. Brazil v. U.S. Dept. of Navy*, 66 F. 3d 193, 199 (9th Cir. 1995) (noting that pro se litigants must meet some minimum threshold in providing a defendant notice of what it is that it allegedly did wrong). With respect to fraud claims, a plaintiff must provide the requisite "who, what, when, and how" necessary to establish a fraud claim. *See Smallwood,* 730 F. Supp. 2d at 1231; Fed. R. Civ. P. Rule 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake[.]").

Plaintiff's allegations are conclusory and do not provide FHB with adequate notice of the purported fraud. Plaintiff makes no allegations relating to the particularities of the false representations that constitute his claim. Instead he merely states, in a conclusory manner, that "Defendant GRIEG and other defendants made false representations regarding the risk, safety and legal requirements of the securities agreements at issue in this complaint." FAC, 13. Presumably Plaintiff is referring to the October 1, 2009 transaction evidenced by Exhibits 1–3 to the FAC,

9

however there is no description of what these representations were, when they were made, how they were made, or why they were false. Such conclusory allegations, without more, are insufficient. *See Smallwood*, 730 F.Supp.2d at 1231 (dismissing a *pro se* plaintiff's claim where he did not allege the who, when, and how he relied on alleged misrepresentations). In light of this deficiency, Claim VI for Fraud in the Inducement must be dismissed.

## V.   CONCLUSION

For the aforementioned reasons, FHB respectfully requests that this Court dismiss all claims alleged against it in the FAC filed herein on August 29, 2022 and, specifically dismiss with prejudice Claim I for claims arising under the Securities Act of 1933 and Claim IV for an Accounting.

DATED: Honolulu, Hawai'i, December 9, 2022.

/s/ *Sianha M. Gualano*
CRAIG K. SHIKUMA
SIANHA M. GUALANO

Attorneys for Defendant
FIRST HAWAIIAN BANK

1919178_3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JAMES PAULETT CHARLTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> AGNES GREIG A/K/A AGNES CANNON; FIRST HAWAIIAN BANK; BANK OF HAWAII; MAUI LOAN INC.; RICHARD DAN; RICHARD DAN D/B/A KAMAAINA LOAN; RICHARD DAN D/B/A MAUI PAWN SHOP; CAROLYN DAN A/K/A CAROLYN PRINTZ; VALLEY ISLE LOAN LLC; CASE LOMBARDI & PETTIT A LAW CORPORATION; 92 N MARKET ST LLC; DOES 1-20, <br><br> Defendants. | Case No. 22-00344-LEK-RT <br><br> **DEFENDANT FIRST HAWAIIAN BANK'S CORPORATE DISCLOSURE STATEMENT** |

**DEFENDANT FIRST HAWAIIAN BANK'S
CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, First Hawaiian Bank, by and through its attorneys, Kobayashi Sugita & Goda, LLP, submits this corporate disclosure:

1. First Hawaiian Bank is a Hawaii domestic profit corporation, whose sole shareholder and parent corporation is First Hawaiian, Inc.

2. First Hawaiian, Inc. is a Delaware domestic general corporation that is publically traded.

3. First Hawaiian, Inc. is a publically traded entity (NASDAQ: FHB).

4. As of the date of this disclosure the following entities hold at least 10% of First Hawaiian, Inc.'s outstanding stock: BlackRock, Inc. (NYSE: BLK); Kayne Anderson Rudnick Investment Management, LLC, which is wholly owned by Virtus Investment Partners, Inc., a publicly traded corporation (NASDAQ: VRTS); and The Vanguard Group, Inc.

5. First Hawaiian Bank reserves the right to supplement this statement in accordance with Rule 7.1(b)(2) if new information is obtained

DATED: Honolulu, Hawaii, <u>December 9, 2022</u>.

/s/ **_Sianha M. Gualano_**

CRAIG K. SHIKUMA
SIANHA M. GUALANO
  Attorneys for Defendant
  FIRST HAWAIIAN BANK

1919178_3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JAMES PAULETT CHARLTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> AGNES GREIG A/K/A AGNES CANNON; FIRST HAWAIIAN BANK; BANK OF HAWAII; MAUI LOAN INC.; RICHARD DAN; RICHARD DAN D/B/A KAMAAINA LOAN; RICHARD DAN D/B/A MAUI PAWN SHOP; CAROLYN DAN A/K/A CAROLYN PRINTZ; VALLEY ISLE LOAN LLC; CASE LOMBARDI & PETTIT A LAW CORPORATION; 92 N MARKET ST LLC; DOES 1-20, <br><br> Defendants. | Case No. 22-00344-LEK-RT <br><br> **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date noted below, a copy of the foregoing document was duly served on the following via CM/ECF, U.S. Mail and/or electronically:

    JAMES PAULETT CHARLTON, JR.
    P.O. Box 1118
    Haiku, Hawaiʻi 96708

    Plaintiff
    *Pro Se*

| | |
|---|---|
| DANA R. LYONS, ESQ.<br>Lyons Law LLLC<br>1110 Nuuanu Avenue<br>Honolulu, Hawaiʻi 96817 | lyonsesquire@gmail.com |

Attorney for Defendants
RICHARD DAN, RICHARD DAN
D/B/A KAMAAINA LOAN, and
RICHARD DAN D/B/A MAUI PAWN SHOP

| | |
|---|---|
| ELIJAH YIP. ESQ.<br>Luminate Law<br>1003 Bishop Street, Suite 2700<br>Honolulu, Hawaiʻi 96813 | eyip@luminatelaw.com |

Attorney for Defendant
BANK OF HAWAII

| | |
|---|---|
| LYLE S. HOSODA | lsh@hosodalaw.com |
| KOURTNEY H. WONG | khw@hosodalaw.com |
| SPENCER J. LAU | sjl@hosodalaw.com |
| THURSTON A. KINO | tk@hosodalaw.com |

Hosoda Law Group
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawai`i 96813

Attorneys for Defendant
AGNES GREIG

DATED: Honolulu, Hawaiʻi, December 9, 2022

/s/ *Sianha M. Gualano*
CRAIG K. SHIKUMA
SIANHA M. GUALANO

Attorneys for Defendant
FIRST HAWAIIAN BANK

2