IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES PAULETT CHARLTON JR, | CIV. NO. 22-00344 LEK-RT |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS |
| AGNES GREIG, FIRST HAWAIIAN BANK, a CORPORATION; BANK OF HAWAII, a CORPORATION; MAUI LOAN INC., a CORPORATION; RICHARD DAN, AN INDIVIDUAL; RICHARD DAN, a SOLE PROPRIETORSHIP; RICHARD DAN, a SOLE PROPRIETORSHIP; CAROLYN DAN, AN INDIVIDUAL; VALLEY ISLE LOAN LLC, a HAWAII CORPORATION; CASE LOMBARDI & PETTIT, a LAW CORPORATION; DOES 1-20, 92 N MARKET ST LLC, | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Before the Court is Defendants Maui Loan Inc., Richard Dan, Richard Dan

d/b/a Kamaaina Loan, Richard Dan d/b/a Maui Pawn Shop, Carolyn Dan aka

Carolyn Printz, Valley Isle Loan LLC, and 92 N. Market St. LLC's (collectively

"Maui Loan Defendants") *Motion for Award of Attorney's Fees and Costs*

("Motion" or "Fee Motion"), filed on August 4, 2023.  ECF No. 69.  The Maui

Loan Defendants claim that a meet and confer did not occur despite their efforts to

contact Plaintiff James Paulett Charlton Jr. ("Plaintiff").  ECF No. 69 at

PageID.579, n.1.  The Maui Loan Defendants seek attorney's fees and costs in the

amount of $16,132.24.  ECF No. 69 at PageID.579.

The Court finds this matter suitable for disposition without a hearing

pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District

Court for the District of Hawaii* ("LR" or "Local Rules").  After careful

consideration of the *Fee Motion*, supporting memoranda, records in this case and

relevant legal authority, the Court **FINDS** and **RECOMMENDS** that the *Fee

Motion* be **DENIED**.

## BACKGROUND

Plaintiff commenced this case on July 29, 2022 (ECF No. 1) and later filed a

*First Amended Complaint* on August 29, 2022 (ECF No. 17).  The *First Amended

Complaint* alleges the following claims:  (1) Violations of Securities Act of 1933

("Count I"); (2) Breach of Contract ("Count II"); (3) Account Stated ("Count III");

(4) Accounting ("Count IV"); (5) Alter Ego Liability ("Count V"); (6) Fraud in the

Inducement ("Count VI"); and (7) Breach of Fiduciary Duty ("Count VII").

Plaintiff is a pro se litigant whose claim allegedly arises from a transaction which

is evidenced by a promissory note[1] ("Note") executed by Defendant Maui Loan Inc. ("Maui Loan") and a security agreement[2] ("Security Agreement") signed by Maui Loan and a third-party defendant Nanette Guillory ("Guillory").  Plaintiff alleges that the court has federal question jurisdiction over the *First Amended Complaint* because the *First Amended Complaint* was brought under the Securities Act of 1933 ("Securities Act"), and the Court has supplemental jurisdiction over the remaining claims.  ECF No. 17 at PageID.121-122.

On October 12, 2022, Defendant Agnes Greig ("Greig") filed a *Motion for Summary Judgment or, in the Alternative, Motion to Dismiss Plaintiff's First Amended Complaint Filed on August 29, 2022* ("Greig's Motion for Summary Judgment").  ECF No. 28.  Greig argued that Plaintiff lacks standing to bring a claim under the Securities Act and that Plaintiff's claims are time-barred.  ECF No. 28 at PageID.254.  Also on October 12, 2022, Defendants [Maui Loan], Richard Dan, Kamaaina Loan, and Maui Pawn Shop filed a *Motion for Judgment on the Pleadings*.  ECF No. 30.  The *Motion for Judgment on the Pleadings* claims that the court lacks subject matter jurisdiction because the claims in the *First Amended Complaint* do not arise under federal question, Plaintiff does not have standing to

---

[1] "The Promissory Note that [Maui Loan] executed, dated October 1, 2009 ("Note"), is attached to the [*First Amended Complaint*] as Exhibit 1."  ECF No. 66 at PageID.555; ECF No. 17-1.

[2] The Security Agreement, dated October 1, 2009, was entered into between Maui Loan and Guillory and can be found in Exhibit 2 to the *First Amended Complaint*. ECF No. 66 at PageID.555; ECF No. 17-2.

bring any contractual claims, and Maui Loan is the only party to the documents at issue and thus, claims against the other defendants should be dismissed.  ECF No. 30 at PageID.283.  On October 26, 2022, Maui Loan filed a *Joinder to Defendant [Grieg's Motion for Summary Judgment]*.  ECF No. 33.

On December 9, 2022, Defendant First Hawaiian Bank ("FHB") filed a *Motion to Dismiss Plaintiff's First Amended Complaint Filed on August 29, 2022 [Dkt. 17]* ("FHB's Motion to Dismiss").  ECF No. 41.  FHB argued that the Securities Act claims in the *First Amended Complaint* were time-barred and that the remaining claims should be dismissed because the Security Act claims served as the sole basis for the Court's jurisdiction.  ECF No. 41 at PageID.394.  On December 21, 2022, Defendant Case Lombardi & Pettit a Law Corporation ("Case Lombardi") filed a *Motion to Dismiss or, Alternatively, for Summary Judgment* ("Case Lombardi's Motion to Dismiss").  ECF No. 45.  Case Lombardi also claims, *inter alia*, that Plaintiff's Security Act claim is time-barred.  *Id*. at PageID.427.

On January 4, 2023, Defendant Bank of Hawaii ("BOH") filed a joinder in *Greig's Motion for Summary Judgment* (ECF No. 50) and in the *Motion for Judgment on the Pleadings* (ECF No. 51).  On May 31, 2023, the district court issued its *Order Granting: [Greig's Motion for Summary Judgment]; [Maui Loan's] Motion for Judgment on the Pleadings; and the Joinders of Simple Agreement in the Motions* ("Order").  ECF No. 66.  On June 1, 2023, the district

court issued an *Order Denying as Moot [FHB's] and [Case Lombardi's] Motion to Dismiss*. ECF No. 67. Judgment was entered on June 16, 2023. ECF No. 68. Shortly thereafter, the Maui Loan Defendants filed the *Fee Motion* on August 4, 2023. Plaintiff failed to file any opposition or response to the *Fee Motion*. No other party requests for attorneys' fees in this matter and the deadline to do so has expired. *See* LR54.2.

## DISCUSSION

### A.    Entitlement to Attorney's Fees

The Maui Loan Defendants claim that they are the prevailing party in this case and are entitled to their attorney's fees and costs pursuant to 15 U.S.C. § 77k(e) of the Securities Act of 1933 and Haw. Rev. Stat. § 607-14. However, based on the record before it, the Court cannot find that either statute entitles the Maui Loan Defendants to its attorney fees and costs in this case.

### 1.    Attorney Fees Pursuant to 15 U.S.C. § 77l(e)

Under the Securities Act of 1933:

> In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) **if the court believes the suit or the defense to have been without merit**, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard.

15 U.S.C. § 77k(e) (emphasis added).  "Unlike other actions, **costs including attorneys fees are not allowable as a matter of course** to the prevailing parties in Securities cases." *McLish v. Harris Farms, Inc.*, 507 F. Supp. 1075, 1088 (E.D. Cal. 1980) (emphasis added).  "In order to recover such additional emoluments, the prevailing party in securities cases must prove that either the suit itself or the defense thereto was without merit, bordering on triviality, and the Court must so find in awarding attorneys fees and costs." *Id.* (citing *Can-Am Petroleum v. Beck*, 331 F.2d 371 (10th Cir. 1964)).  The Ninth Circuit has held that this "'without merit' standard" refers to claims and defenses that are frivolous or on the border of being frivolous. *Layman v. Combs*, 994 F.2d 1344, 1353 (9th Cir. 1992) (citation omitted).  The standard also includes claims that are brought in bad faith. *Western Federal Corp. v. Erickson*, 739 F.2d 1439, 1444 (9th Cir. 1984)) (citations omitted).  Accordingly, in order to establish entitlement to its fees, the Maui Loan Defendants not only need to show that they were the prevailing party, but must establish that the suit was without merit.

In this case, the Maui Loan Defendants failed to establish and the Court cannot find that this action was without merit as contemplated under 15 U.S.C. § 77k(e).  In its order, the district court determined that the loan between Maui Loan and Guillory was "merely a private loan" and "was not a security for purposes of the Security Act."  ECF No. 66 at PageID.564.  The district court found that "[b]ecause the loan . . . was not a security for purposes of the Securities Act,

6

[Plaintiff's] claims asserting violations of the Securities Act in connection with the purported sale of the loan fail as a matter of law." *Id*.  As a result, Plaintiff's claims in *Count I* against the remaining defendants also fail as a matter of law.  *Id*. at 565.  The district court further found that there was no amendment that could cure the deficiencies in *Count I* and thus, did not provide Plaintiff with an opportunity to amend the *First Amended Complaint*.  *Id*. at 566.  However, the district court did not determine that Plaintiff's claims were frivolous, on the border of being frivolous or brought in bad faith.

It appears that the Maui Loan Defendants presume that because they obtained judgment in their favor, they are entitled to its fees and costs as a matter of course.  The only support alleged in favor of an award of attorney fees and costs by the Maui Loan Defendants is conclusory: "the Court may award attorney's fees to Maui Loan Defendants as the prevailing party on the basis that Plaintiff's [*Count I*] was without merit."  ECF No. 69 at PageID.584.  In finding that the Note and Security Agreement are not securities for purposes of the Securities Act, the district court stated:

> The Securities Act states "[t]he term 'security' means any note . . . [or] evidence of indebtedness . . . ."  *See* 15 U.S.C. § 77b(a)(1).  While this language may appear to support [Plaintiff's] position that the Note and Security Agreement constitute securities, subsection (a) also states its definitions apply "unless the context otherwise requires." . . . Because the definition of "security" in the Securities Exchange Act of 1934 . . . is "virtually identical" to the definition of "security" in the Securities Act, [the district court found] case law interpreting the Security Exchange Act's definition [to be] persuasive[.]

ECF No. 66 at PageID.560-561.  In light of the district court's *Order* stating that the language of the Securities Act may have appeared to support Plaintiff's position, without any evidence establishing *Count I* as frivolous, on the border of being frivolous or brought in bad faith, this Court cannot find that Plaintiff's claims under *Count I* was without merit as contemplated under 15 U.S.C. § 77k(e). Accordingly, the Court finds that the Maui Loan Defendants are not entitled to their attorney fees and costs under 15 U.S.C. § 77k(e) against Plaintiff, a pro se litigant whose pleadings the Court is required to liberally construe.  *Martinez v. Barr*, 941 F.3d 907, 916 (9th Cir. 2019) (quoting *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018)).

### 2.    <u>Attorney Fees Pursuant to Haw. Rev. Stat. § 607-14</u>

Haw. Rev. Stat. § 607-14 provides in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee.  The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Under this statute, "a party may be deemed the 'prevailing party' entitled to an award of attorneys' fees under [Haw. Rev. Stat.] § 607-14 without successfully

litigating the merits of the claim." *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1039 (D. Haw. 2011) (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 887 (9th Cir. 2000)) (citation omitted).  The Hawaii Supreme Court has held that "a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under [Haw. Rev. Stat.] § 607-14." *Id.* (citing *Blair v. Inc*, 96 Hawai'i 327, 331, 31 P.3d 184, 189 (2001)).  "In a diversity action, if state law entitles a 'prevailing party' to attorneys fees for 'permanently defeat[ing] [a] lawsuit,' that right is not lost by obtaining judgment on procedural grounds." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 888 (9th Cir. 2000) (citation omitted).

However, in contrast to state courts, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  In a federal question action, it is well established in the Ninth Circuit that "if a district court lacks jurisdiction over the underlying suit, the court has no authority to award fees." *Skaaning v. Sorensen*, 679 F. Supp. 2d 1220, 1224 (D. Haw. Jan. 19, 2010 (citing *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007)).  "[J]urisdiction must be present at the outset of the case before a district court may award attorneys' fees." *Id.* at 1225 (citing *Kalai v. Hawaii, Dep't of Human Servs. Hawaii Pub. Hous. Auth.*, Civ. No. 06-00433 JMS-LEK, 2009 WL 2224428, at *4 (D. Haw. July 23, 2009), *report and recommendation adopted sub*

9

*nom. Kalai v. Hawaii*, Civ. No. 06-00433 JMS-LEK, 2009 WL 2516359 (D. Haw. Aug. 13, 2009)).

This case was brought under federal question jurisdiction pursuant to Plaintiff's Securities Act claim in *Count I*.  However, *Count I* was dismissed because Plaintiff had not alleged a claim under the Securities Act, the sole claim that would have conferred federal question jurisdiction on this Court.  *See* ECF No. 66 at PageID.567 ("there are no federal claims remaining in this case.").  Ninth Circuit case law explicitly states that "a court may not exercise jurisdiction over an award of attorneys' fees when the court does not have jurisdiction over the underlying subject matter."  *Skaaning*, 679 F. Supp. 2d at 1224 (citing *Skaff*, 506 F.3d at 837).  It thus follows, and Plaintiff does not argue to the contrary, that the district court lacked subject matter jurisdiction at the outset of this case.  Accordingly, this Court finds that Haw. Rev. Stat. § 607-17 does not confer this Court with authority to award fees and costs in federal question actions where the court lacks jurisdiction at the outset of this action.

**B.    Plaintiff Failed to Comply with Local Rule 54.2**

Local Rule 54.2, *inter alia*, sets forth the timing of the fee motion, meet and confer requirements, formatting requirements, and required content of a fee motion.  Section (h) of this rule states:

> Failure to follow these rules regarding Fee Motions and/or related nontaxable expenses may, in the court's discretion, result in the denial of such motions with prejudice.

LR54.2(h).  Local Rule 54.2 requires that Maui Loan Defendants provide a summary table (LR54.2(f)(1)) and itemization of the work performed (LR54.2(f)(2)).  Counsel failed to provide a summary table and itemization of work performed that clearly depicts the timekeeper, rate, hours and total fees requested.  There is no indication in counsel's timekeeping (ECF No. 69-2) who performed the tasks listed.  The Court should not have to guess who performed the work itemized.  It perhaps may appear that the timekeeping could be the work of a single attorney.

The Court is left to deduce or assume that the "legal services provided by this law firm to Maui Loan Defendants" is done by the same attorney who drafted the *Fee Motion*.  ECF No. 69-1 at PageID.591.  Even more confusing, the *Fee Motion* indicates that the hourly rate for a paralegal was $95.00 hour, but the Court cannot locate timekeeping for work performed by a paralegal in the timekeeping.  *See* ECF No. 69 at PageID.585; ECF No. 69-1 at PageID.591; ECF No. 69-2 at PageID.593.  The *Fee Motion* also does not provide any information regarding the work experience of the paralegal such that the Court may determine whether the $95.00 hourly rate is reasonable.  If this paralegal did not work on this case, there should not have been a reference to one in the *Fee Motion*.  The Court is well within its discretion to recommend the denial of the *Fee Motion* because the Maui Loan Defendants did not comply with the requirements under LR54.2.

## <u>CONCLUSION</u>

Based on the foregoing, the Court **FINDS** that the Maui Loan Defendants are not entitled to their attorney fees and costs under 15 U.S.C. § 77k(e) of the Securities Act of 1933 and Haw. Rev. Stat. § 607-14.  The Court also **FINDS** that Maui Loan Defendants failed to comply with the requirements under LR54.2 and thus, the *Fee Motion* may be denied pursuant to LR54.2(h).  Accordingly, the Court **RECOMMENDS** that the district court **DENY** the *Fee Motion*.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 31, 2023.



Rom A. Trader
United States Magistrate Judge

Civ. No. 22-00344 LEK-RT;  *James Paulett Charlton, Jr. vs. Agnes Grieg, et al.*; Findings and Recommendation to Deny Defendants' Motion for Award of Attorney's Fees and Costs

12